UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TUMBLEWEED, INC., et al. | ) | CHAPTER 11 |
| | ) | |
| Debtors | ) | CASE NO. 09-31525 |
| | ) | **Jointly Administered** |

## ORDER CONFIRMING THE DEBTORS'
## JOINT PLAN OF REORGANIZATION

* * *   * * *   * * *

Upon consideration of:

• the Joint Plan of Reorganization proposed by Tumbleweed, Inc. ("Tumbleweed") and Custom Food Solutions, LLC ("CFS," collectively with Tumbleweed, the "Debtors"), dated October 27, 2009 (as heretofore modified and supplemented on December 21, 2009, the "Plan")[1] and the Disclosure Statement submitted by the Debtors on October 27, 2009, and approved by Order of this Court on November 24, 2009;

• the Order (A) Approving the Disclosure Statement and (B) Scheduling a Confirmation Hearing on Debtors' Proposed Plan of Reorganization (the "Disclosure Statement Order");

• the Certificate of Service regarding service of the Disclosure Statement, the Plan, the Disclosure Statement Order, and ballots filed on November 30, 2009;

• all oral representations, arguments, testimony, documents, filings and evidence presented at or in connection with the hearing held before the Bankruptcy Court on December 22, 2009 (the "Confirmation Hearing") to consider confirmation of the Plan; and

• the entire record of Debtors' Chapter 11 Cases, as to which the Bankruptcy Court takes judicial notices.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the

Confirmation Hearing and the opportunity for any party in interest to objection to confirmation of

the Plan have been adequate and appropriate as to all entities (as defined in section 101(15) of the

---

[1]  Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.  The rules of interpretation set forth in the Plan shall apply to this Confirmation Order.

Bankruptcy Code) affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation of the Plan and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Bankruptcy Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Orders.[2]

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED AND ORDERED THAT:

A.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).  The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.  The Bankruptcy Court has core jurisdiction to confirm the Plan.

B.    Eligibility for Relief.  The Debtors were and are entities (as defined in section 101(15) of the Bankruptcy Code) eligible for relief under section 109 of the Bankruptcy Code.

C.    Commencement of Chapter 11 Cases.  Beginning on March 27, 2009 (the "Petition Date"), both of the Debtors commenced a case under Chapter 11 of the Bankruptcy Code.  By prior order of the Bankruptcy Court, the Chapter 11 Cases have been consolidated for procedural purposes and are being jointly administered pursuant to Bankruptcy Rule 1015.  The Debtors have operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a)

---

[2]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Bankruptcy Rule 7052.

and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases.

D. <u>Judicial Notice</u>. The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation of the Plan) the docket of the Chapter 11 Cases, including all filed pleadings and other documents, the disclosures made in accordance with section 1129(a)(5) of the Bankruptcy Code, all orders entered, all hearing transcripts and all evidence and arguments made, proffered or adduced at the hearings held before the applicable court during the pendency of the Chapter 11 Cases. All unresolved objections, statements and reservations of rights are overruled on the merits for the reasons stated on the record by the Bankruptcy Court at the Confirmation Hearing. The record of the Confirmation Hearing is incorporated herein by reference.

E. <u>Order Approving the Disclosure Statement</u>. The Bankruptcy Court entered the Disclosure Statement Order that, among other things: (1) approved the Disclosure Statement; (2) fixed December 22, 2009 as the date for the commencement of the Confirmation Hearing; and (3) fixed December 15, 2009 as the last date for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline") and for sending ballots to accept or reject the Plan to counsel for the Debtor. By agreement, the Plan Objection Deadline was extended to December 18, 2009 for the United States Trustee.

F. <u>Voting Report</u>. Prior to the Confirmation Hearing, the Debtors filed the Voting Report, certifying the method and results of ballot tabulation for each of the Voting Classes. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, Bankruptcy Rules, the local rules of the Bankruptcy Court

for the Western District of Kentucky (the "Local Rules"), and all other applicable rules, laws and regulations.

G.    <u>Transmittal and Mailing of Materials; Notice</u>.  Adequate and sufficient notice of the Plan, the Disclosure Statement, the Confirmation Hearing, the Plan Objection Deadline, the entry of this Confirmation Order, and the other bar dates, deadlines and hearings described in the Disclosure Statement Order and Disclosure Statement was given in compliance with the Bankruptcy Rules and the Disclosure Statement Order, and no other or further notice is or shall be required.

H.    <u>Solicitation</u>.  Solicitation of votes on the Plan by the Debtors was conducted in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

I.    <u>Ballots</u>.  All procedures used to distribute the Solicitation Packages to the applicable Holders of Claims and Interests and to tabulate ballots were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws, and regulations.

J.    <u>Impaired Classes Voting to Accept the Plan</u>.

1.    <u>Class 2 (Secured Claims of GEFF)</u>.  GEFF, as the sole member of Class 2, has accepted the Plan.  Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan, pursuant to section 1124 of the Bankruptcy Code, has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

2. <u>Class 3 (Secured Claims of Fifth Third Bank and Fifth Third Leasing Company)</u>. Fifth Third, as the sole member of Class 3, has accepted the Plan. Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan, pursuant to section 1124 of the Bankruptcy Code, has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

3. <u>Class 5 (General Allowed Unsecured Claims)</u>. More than ninety-one percent (91%) of creditors holding Claims and voting in Class 5 have accepted the Plan and ninety-nine percent (99%) in amount of the Claims voting in such class have voted to accept the Plan. Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan, pursuant to section 1124 of the Bankruptcy Code, has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

4. <u>Class 6 (Allowed Unsecured Rejection Claims)</u>. One hundred percent (100%) of creditors holding Claims and voting in Class 6 have accepted the Plan and one hundred percent (100%) in amount of the Claims voting in such Class have voted to accept[3] the Plan. Therefore, at least one (1) Class of Claims or Interests that is impaired under the Plan, pursuant to section 1124 of the Bankruptcy Code, has accepted the Plan (determined without including any acceptances of the Plan by any insider), thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

---

[3] The vote of Stonegate Corner, LLC ("Stonegate") was changed from "reject" to "accept" at the Confirmation Hearing, upon counsel's statements on the record specifically reserving rights against certain guarantors of the lease giving rise to Stonegate's Claim.

K. <u>Impaired Class Deemed to Reject the Plan</u>. Holders of Interests in Class 8 are Impaired and shall neither receive a distribution under the Plan on account of their Interests, nor retain such Interest post-confirmation. Therefore, Holders of Interests in Class 8 are deemed to have not accepted the Plan and are not entitled to vote to accept or reject the plan.

L. <u>Burden of Proof</u>. The Debtors, as proponents of the Plan, have met their burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard. The Bankruptcy Court also finds that the elements of section 1129(a) of the Bankruptcy Code have been satisfied under the clear and convincing standard of proof.

M. <u>Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(1) <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan at Article II designates Classes of Claims against and Interests in the Debtors. The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests. Thus the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(2) <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>. The Plan at Article II specifies that Class 1 (Administrative Claims), Class 3 (Secured Claim of Winmark Capital Corporation), and Class 9 (Non-Voting Claims) are unimpaired. Thus, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

(3)     Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). The Plan at Articles II and III specifies that Class 2 (Secured Claims of GEFF), Class 3 (Secured Claims of Fifth Third Bank and Fifth Third Leasing Company), Class 5 (General Allowed Unsecured Claims), Class 6 (Allowed Unsecured Rejection Claims), Class 7 (Disputed Claims), and Class 8 (Equity Security Holders) are Impaired under the Plan, and adequately describes the treatment of each such Impaired Class. Thus the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

(4)     No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to less favorable treatment with respect to such claim or Interest. Thus, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

(5)     Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan at Article IV provides adequate and proper means for implementation of the Plan. Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

(6)     Prohibition Against Issuance of Non-Voting Equity Securities and Provisions for Voting Power of Classes of Securities (11 U.S.C. § 1123(a)(6)). The Plan does not provide for distribution of equity security interests to any Classes. Thus, the Plan satisfies section 1123(a)(6) of the Bankruptcy Code.

(7)     Selection of Officers (11 U.S.C. § 1123(a)(7)). The continued service of the Debtors' officers and directors, as contemplated by the Plan, is consistent with the interests of the Holders of Claims and Interests and with public policy. Thus, section 1123(a)(7) of the Bankruptcy Code is satisfied.

(8)     <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for: (a) distributions to Holders of Claims; (b) the transactions contemplated by the Plan; (c) the disposition of executory contracts and unexpired leases; (d) the retention of, and right to enforce, sue on, settle or compromise certain claims or causes of action against third parties; (e) resolution of Disputed Claims; (f) allowance of certain Claims; (g) exculpation and release of various entities as set forth in the Plan; and (h) the various injunctions set forth in the Plan;

(9)     <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a).

(10)     <u>Bankruptcy Rule 3016(c)</u>.  The Plan clearly identifies the injunctions proposed under the Plan, thereby satisfying Bankruptcy Rule 3016(c).

N.     <u>Debtors' Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.  Except as otherwise provided or permitted by orders of the Bankruptcy Court, the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and other orders of the Bankruptcy Court thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically, the Debtors are proper debtors under section 109 of the Bankruptcy Code and are proper proponents of the Plan under section 1121 of the Bankruptcy Code.

O.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Debtors have proposed the Plan in good faith and not by any means forbidden by law and this Confirmation Order was not procured by fraud, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined, *inter alia*, the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the formulation of the

Plan and all modifications thereto, and the record of the Confirmation Hearing. The Chapter 11 Cases were filed and the Plan was proposed, with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and the recoveries to Holders of Claims and Interests.

P.      Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by the Debtors or their Estates for services or for costs and expenses in connection with the Chapter 11 Cases prior to the Confirmation Date, including administrative expense claims under sections 503 and 507 of the Bankruptcy Code, or in connection with the Plan and incident to the Chapter 11 Cases, either has been approved by or is subject to the approval of the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5)(A) of the Bankruptcy Code and have disclosed the identity and affiliations of the directors and officers to serve after Confirmation of the Plan in the Plan and on the record at the Confirmation Hearing. The appointments of the directors and officers are consistent with the interests of Holders of Claims and Interests and with public policy. TW-Indiana, LLC and the Debtors have complied with section 1129(a)(5)(B) of the Bankruptcy Code and have disclosed the identity of all insiders that will be employed or retained by the Debtors and such insiders' compensation.

R.      No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

S.      Best Interests Test (11 U.S.C. § 1129(a)(7)). The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Disclosure Statement and the other evidence proffered or adduced at

the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence or successfully challenged in any objections to the Plan, (3) are based upon reasonable and sound assumptions, and (4) establish that each Holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

T.      <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Class 1 (Administrative Claims), Class 4 (Secured Claim of Winmark Capital Corporation), and Class 9 (Non-Voting Claims) are unimpaired by the Plan, and under section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan.  Class 2, Class 3, Class 5 and Class 6 have voted to accept the Plan.  Holder of Interests in Class 8 will neither receive a distribution under the Plan, nor retain such interest post-confirmation, and are deemed to not accept the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 8, the Plan is nevertheless confirmable because it satisfies section 1129(b) of the Bankruptcy Code with respect to such Class of Interests.

U.      <u>Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9))</u>.  The treatment of Administrative Claims, Professional Fee Claims and Priority Non-Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(c) of the Bankruptcy Code.

V.        <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>.  Class 2, Class 3, Class 5, and Class 6 in these Chapter 11 Cases are impaired Classes of Claims that have voted overwhelmingly to accept the Plan.  Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

W.      <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  Section 1129(a)(11) of the Bankruptcy Code is satisfied by the Plan, which provides for the reorganization and emergence of the Debtors from bankruptcy.  Moreover, confirmation of the Plan is not likely to be followed by a Chapter 7 liquidation of the Debtors, or by the need for their further financial reorganization.  There will be sufficient funds to satisfy the Debtors' obligations under the Plan and to fund the costs and expenses of the post-Effective Date Reorganized Debtors in accordance therewith.  The Disclosure Statement and the evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence or successfully challenged by way of objections to confirmation of the Plan, and (3) establish that the Plan is feasible.

X.      <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Debtors have paid or will pay, no later than on the Effective Date, all fees due and payable under 28 U.S.C. § 1930, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

Y.      <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  Notwithstanding anything in the Plan to the contrary, the Debtors shall continue to make the payment of all retiree benefits (if any), as that term is defined in Bankruptcy Code section 1114, at the level established pursuant to subsection (e)(1)(B) or (g) of said section 1114, at any time prior to the Confirmation Date, for the duration of the period (if any) that the Debtors are obligated to provide such benefits. Thus, the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

Z.     Domestic Support Obligations (11 U.S.C. § 1129(a)(14); Individual Debtor Requirements (11 U.S.C. § 1129(a)(15); Transfer Compliance with Nonbankruptcy Law (11 U.S.C. § 1129(a)(16)). Each of the Debtors has no domestic support obligations, is not an individual, and is not a not-for-profit corporation. Thus, the requirements of sections 1129(a)(14), (15), and (16) of the Bankruptcy Code are not applicable.

AA.     Section 1129(b): Confirmation of the Plan over Nonacceptance of Impaired Classes.

1.     Notwithstanding the fact that Class 8 is deemed to have rejected the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code because: (a) the voting Classes have voted to accept the Plan; (b) all of the requirements of section 1129(a), other than section 1129(a)(8), of the Bankruptcy Code have been met; and (c) the Plan does not discriminate unfairly and is fair and equitable with respect to Class 8.

2.     The Plan does not discriminate unfairly because, as to Class 8, no similar Class of Claims or Interests exists. Furthermore, the Plan does not unfairly discriminate because the Holders of Claims receive treatment that fairly and appropriately reflects the differences in legal rights and the differences in the relative value attributable to the Claims and Interests assigned to the different Classes under the Plan.

3.     With respect to Class 8, the Plan is fair and equitable because no Holders of Claims or Interests in a particular Debtor junior to the Holder in Class 8 will receive or retain any property under the Plan on account of such Claim or Interest. After entry of the Confirmation Order and upon the occurrence of the Effective Date, the Plan shall be binding upon all members of Class 8.

BB.     <u>Principal Purpose of Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

CC.     <u>Modifications to the Plan</u>.  Any and all modifications to the Plan set forth in Exhibit "A" to Debtors' Notice of Non-Material Modifications filed by the Debtors on December 21, 2009, constitute technical or non-material changes and do not materially adversely affect the treatment of any Claims or Interests.  Accordingly, pursuant to Bankruptcy Rule 3019, the Plan Modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims in the Voting Classes be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

DD.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  The Debtors and their respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation and limitation of liability provision set forth in the Plan.

EE.     <u>Assumption and Rejection of Executory Contracts and Unexpired Leases</u>.  The Debtors have exercised reasonable business judgment in determining whether to assume or reject executory contracts and unexpired leases as set forth in Article V of the Plan.  Each pre- or post-confirmation assumption or rejection of an executory contract or unexpired lease pursuant to the Plan and assignment, if any, shall be legal, valid and binding upon the Debtors and their assignees or successors and all non-Debtors parties to such executory contracts or unexpired leases, all to the

same extent as if such assumption or rejection had been effectuated pursuant to an appropriate Final Order of the Bankruptcy Court entered before the Confirmation Date under section 365 of the Bankruptcy Code.

FF.     Conditions to Effective Date; Waiver of Conditions.  The conditions to the Effective Date set forth in the Plan are reasonably likely to be satisfied.

GG.     Retention of Jurisdiction.  The Bankruptcy Court properly may retain jurisdiction over the matters set forth in the Plan after the Effective Date; *provided, however*, that nothing in the Plan or this Confirmation Order shall expand the jurisdiction of the Bankruptcy Court following the occurrence of the Effective Date beyond that provided for in section 1142 of the Bankruptcy Code, 28 U.S.C. § 157 and/or 28 U.S.C. § 1334.

HH.     Election Pursuant to 11 U.S.C. § 1111(b).  No secured creditor has elected the treatment provided by section 1111(b) of the Bankruptcy Code.

II.     Limited Substantive Consolidation.  The Plan is a joint plan that provides for substantive consolidation of the Debtors' Estates solely for purposes of voting on, confirmation of, and Distributions under the Plan, and on the Effective Date, the Debtors' Estates shall not be deemed to be substantively consolidated for any other purpose.  Except as specifically set forth herein or in the Plan, nothing in this Plan or the Disclosure Statement shall constitute or be deemed to constitute an admission that any one of the Debtors is subject to or liable for any claim against any other Debtor that may arise post-confirmation.

## II.   ORDERS

BASED ON THE FOREGOING, IT IS HEREBY ORDERED:

1.     Confirmation.  This Confirmation Order shall and does approve and confirm the Plan as set forth herein.  The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein are non-severable and mutually dependent.

2.     Objections.  All Objections to confirmation of the Plan that have not been withdrawn, waived, or settled as set forth herein, and all reservations of rights included therein, are overruled on the merits for the reasons stated on the record by this Court at the Confirmation Hearing.

3.     Plan Classification Controlling.  The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the distributions made thereunder.

4.     Exhibits; Modifications; References.  The Plan, including all Exhibits to the Plan and the Plan Modifications, is approved and confirmed under section 1129 of the Bankruptcy Code.  The terms of the Plan, all Exhibits thereto and the Plan Modifications, are incorporated by reference into and are an integral part of this Confirmation Order.  The failure to include or specifically reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision.

5.     Vesting of Assets; Corporate Existence.  After the Effective Date, the Debtors shall continue to exist as separate corporate entities in accordance with the applicable law in the respective jurisdiction in which they are incorporated and pursuant to their respective certificates or articles of incorporation and by-laws in effect prior to the Effective Date, except to the extent such certificates or articles of incorporation and by-laws are to be amended pursuant to the terms of the Plan or this Confirmation Order.  Notwithstanding anything to the contrary in the Plan or Confirmation Order, the Reinstated Claim of Class 4 shall remain the obligation solely of Tumbleweed following the Effective Date and shall not become obligations of any other Debtor or

affiliate by virtue of the Plan, the Chapter 11 Cases, or otherwise. Except as otherwise provided in the Plan or this Confirmation Order, on and after the Effective Date, all property of the Estates of the Debtors, including all claims, rights, and causes of action (including but not limited to any actions and objections brought on behalf of the Estates) and any property acquired by the Debtors under or in connection with the Plan, shall vest in the Debtors free and clear of all Claims, Liens, charges, other encumbrances and Interests. On and after the Effective Date, the Debtors may operate their businesses and may use, acquire and dispose of property and compromise or settle any Claims without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Plan or this Confirmation Order. Without limiting the foregoing, the Debtors may pay the charges that they incur on or after the Effective Date for professionals' fees, disbursements, expenses, or related support services without application to the Bankruptcy Court. Except as otherwise provided in the Plan or this Confirmation Order, all Cash necessary for the Debtors to make payments pursuant to the Plan may be obtained from existing Cash balances, the operations of the Debtors, or the sales of assets.

6.      <u>Estate Representative Status</u>.  The Debtors shall be "representative[s] of the estate" under section 1123(b)(3) of the Bankruptcy Code and successors of the Debtors under section 1145 of the Bankruptcy Code.

7.      <u>Effects of Confirmation; Immediate Effectiveness; Successors and Assigns</u>.  The Bankruptcy Court authorizes the Debtors to consummate the Plan after entry of this Confirmation Order, subject to Bankruptcy Rule 3020(e).  Notwithstanding the foregoing, the 14-day stay provision set forth in Bankruptcy Rule 3020(e) is hereby waived as to Sections 18 and 19 of the this

Confirmation Order and as to any other portion of this Order that pertains to the transactions contemplated by Sections 18 and 19. Subject to the occurrence of the Effective Date, immediately upon the entry of this Confirmation Order, the terms of the Plan (including all Plan Modifications, Exhibits, and attachments thereto and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on: (a) the Debtors; (b) all Holders of Claims against and Interests in the Debtors; (c) each entity acquiring property under the Plan; (d) any other party in interest; (e) any Person making an appearance in these Chapter 11 Cases; (f) any Person receiving notice of the Plan; and (g) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. The Plan shall be binding upon and inure to the benefit of the Debtors, and their respective successors and assigns. The rights, benefits, and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such entity.

8.      <u>Cancellation of Notes, Instruments, Debentures, and Interests</u>. On the Effective Date, except as otherwise provided for herein or in the Plan, all (a) notes, bonds, indentures, stockholders agreements, registration rights agreements, repurchase agreements and repurchase arrangements, or other instruments or documents evidencing or creating any indebtedness or obligations of a Debtor that relate to Claims or Interests that are Impaired under the Plan shall be cancelled, and (b) the obligations of the Debtors under any agreements, stockholders agreements, registration rights agreements, repurchase agreements and repurchase arrangements, notes, bonds, indentures, or other instruments or documents evidencing or creating any Claims or Interests against a Debtor that relate to Claims or Interests that are Impaired under the Plan shall be discharged.

9.     Assumption of Executory Contracts and Unexpired Leases.  On the Effective Date, all executory contracts or unexpired leases of the Debtors will be deemed assumed in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, unless such executory contract or unexpired lease (a) was previously rejected by the Debtors, (b) previously expired or terminated pursuant to its own terms, or (c) is an executory contract that is set forth on Exhibit P-4 to the Plan.  Entry of this Order constitutes approval of such assumptions pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Each executory contract or unexpired lease assumed pursuant to this provision and Article V of the Plan shall revest in and be fully enforceable by the respective Debtor in accordance with its terms, except as modified by the provisions of the Plan, any order of the Bankruptcy Court authorizing and providing for its assumption.

10.     Rejection of Executory Contracts and Unexpired Leases.  All executory contracts or unexpired leases of the Debtors set forth on Exhibit P-4 to the Plan are deemed rejected by this Confirmation Order as of the Effective Date.  Each Person that is a party to an executory contract or unexpired lease that is rejected as of the Effective Date pursuant to this Confirmation Order will be entitled to file, not later than twenty-eight (28) days following the Effective Date, a proof of Claim for damages alleged to have been suffered due to such rejection; *provided, however*, that the opportunity afforded to a Person whose executory contract or unexpired lease is rejected as of the Effective Date pursuant to this Order to file a proof of Claim shall not extend the time for any Person to assert or attempt to assert a claim on account of an executory contract or unexpired lease that was previously rejected by the Debtors for which a previous filing deadline was established.  Any Person that has a Claim for damages as a result of the rejection of an executory contract or unexpired lease

that does not file a proof of Claim in accordance with the terms and provisions of this Confirmation Order with the Bankruptcy Court (and serve such proof of Claim upon the Debtors) will be forever barred from asserting that Claim against, and such Claim shall be unenforceable against, the Debtors, the Estates, or their respective property.

11.  Insurance Policies.  Nothing in the Plan, including any releases, shall diminish or impair the enforceability of any policies of insurance that may cover any claims against the Debtors or any other Person.

12.  Discharge of Claims and Termination of Interests.  Except as otherwise provided in the Plan or this Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of all Claims and Interests (other than Unimpaired Claims under the Plan that are Allowed Claims) of any nature whatsoever against the Debtors or any of their Estates, assets, properties or interest in property, and regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests.  Except to the extent provided in the Plan or this Confirmation Order, upon the Effective Date, the Debtors shall be deemed discharged and released under sections 1141(d)(1)(A) and (B) of the Bankruptcy Code from any and all Claims and Interests, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(I) of the Bankruptcy Code, and all Interests in the Debtors shall be terminated.

13.  Releases by the Debtors.  The releases by the Debtors set forth in Section IV.B.2.a of the Plan are hereby approved in their entirety.  ***As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, on their own behalf and***

*as representatives of their respective Estates, will be deemed to release each and all of (i) their respective directors, officers, employees, underwriters, investment bankers, financial advisors, members, managers and agents who served in such capacities as of the Order for Relief Date or thereafter; (ii) GEFF; and (iii)Fifth Third, and with respect to the parties identified in clauses (ii) and (iii) above, their respective present or former directors, officers, employees, attorneys, accountants, underwriters, investment bankers, financial advisors, members, managers and agents, as of the Order for Relief Date, during the Chapter 11 Cases or as of the Effective Date acting in such capacity of and from all claims (including Derivative Claims), obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the right to enforce the Debtors' rights under the Plan and the contracts, instruments, releases, agreements and documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction or other occurrence taking place on or prior to the Effective Date in any way relating to a Debtor, the Chapter 11 Cases, the Plan or the Disclosure Statement, or their respective property.*

14.     <u>Releases by Holders of Claims and Interests</u>.  The releases by the Holders of Claims and Interests set forth in Section IV.B.2.b of the Plan are hereby approved in their entirety.  *As of the Effective Date, to the fullest extent permitted by law, in consideration for the obligations of the Debtors under the Plan and the Cash and securities, contracts, instruments, releases and other agreements or documents to be delivered in connection with the Plan, each Holder of a Claim or Interest that voted to accept the Plan will be deemed to have forever released, waived, and*

*discharged all claims (including Derivative Claims), obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities (other than the right to enforce the Debtors' rights under the Plan and the contracts, instruments, releases, agreements and documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction or other occurrence taking place on or prior to the Effective Date in any way relating to a Debtor, the Chapter 11 Cases, the Plan or the Disclosure Statement, or their respective property, that such entity has, had or may have against any of (i) the Debtors; (ii) GEFF; (iii) Fifth Third; and their respective present or former directors, officers, employees, attorneys, accountants, underwriters, investment bankers, financial advisors, members, managers and agents, as of the Order for Relief Date, during the Chapter 11 Cases or as of the Effective Date acting in such capacity.[4]  This release is in addition to the discharge of Claims and termination of Interests provided herein and under the Plan and the Bankruptcy Code.  Nothing in this Confirmation Order or the Plan, however, is intended to constitute a release, waiver, or discharge by Fifth Third of its right to seek payment of its reasonable fees, costs and/or charges pursuant to section 506(b) of the Bankruptcy Code (the "Fifth Third 506(b) Charges").  Debtors stipulate that Fifth Third is oversecured and entitled to the Fifth Third 506(b) Charges, subject only to the review by this Court for reasonableness.  The Fifth Third 506(b) Charges shall be paid by the Debtors at the closing of the loans contemplated by the Fifth Third Term Sheet, and Fifth Third*

---

[4]  See supra note 3.

*shall seek approval of such charges by filing an application with the Court on or before the Bar Date for Final Fee Applications set forth in Section 21 hereof.*

15.    <u>Injunction Related to Releases</u>.  The injunction related to the aforementioned releases, as set forth in Section XI.C of the Plan, is hereby approved in its entirety.  ***As of the Effective Date, all entities that have held, currently hold or may hold any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan and this Confirmation Order shall be permanently enjoined from taking any of the following actions against any released entity or its property on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any lien or encumbrance; (d) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to any released entity; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan and this Confirmation Order.***

16.    <u>Other Injunction</u>.  The injunctions set forth in Section XI.C.2 of the Plan are hereby approved in their entirety.  ***As of the Effective Date, except as provided in, or for purposes of enforcing, the Plan and this Confirmation Order, all entities that have held, currently hold or may hold (i) a Claim or other debt or liability against the Debtors that would be discharged upon entry of this Confirmation Order but for the provision of section 1141(d)(3) of the Bankruptcy Code, or (ii) an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan shall be permanently enjoined from taking any of the following actions on***

*account of any such Claims, debts, or liabilities or terminated Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Debtors or their respective property, other than to enforce any right pursuant to the Plan to a distribution; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtors or their respective property, other than as permitted pursuant to clause (a) above; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtors or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtors; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. By accepting distributions pursuant to the Plan, each Holder of an Allowed Claim receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in Section XI.C.1 of the Plan.*

17. <u>Terms of Injunctions or Stays</u>. All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

18. <u>Sale of Realty Free and Clear of Liens, Claims and Encumbrances</u>. Tumbleweed is hereby authorized to (i) sell the Sale-Leaseback Properties and Deed in Lieu Properties which properties consist of the real property (and buildings and improvements situated thereon) having the legal descriptions attached hereto as Appendix 1 (collectively, the "Tumbleweed Realty") to GEFF, and (ii) lease the Sale-Leaseback Properties from GEFF, pursuant to the terms and subject to the conditions set forth in the Plan, the GEFF Letter of Intent, as supplemented and modified (the "GEFF LOI") and this Confirmation Order. The conveyances described in clause (i) hereof

constitute absolute conveyances, by Tumbleweed, of all right, title, and interest in such properties. The lease described in clause (ii) hereof constitutes a single, unseverable "true" lease of such properties, and the sale-leaseback is not a mortgage or any other financing device.

GEFF is not an "insider" or otherwise an "affiliate" of the Debtors. GEFF is a purchaser of the Tumbleweed Realty in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of sections 363(m) and (n) of the Bankruptcy Code with respect to the purchase of the Tumbleweed Realty. The GEFF LOI was negotiated and entered into in good faith, based upon arm's length bargaining and without collusion. Neither the Debtors nor GEFF has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code or cause the application of section 363(n) to the consummation of the sale of the Tumbleweed Realty to GEFF or any and all ancillary conveyances thereunder. GEFF is entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

The sale of the Tumbleweed Realty shall be contingent upon (i) the sale and conveyance of the Tumbleweed Realty being effectuated pursuant to documentation acceptable to GEFF; (ii) Debtors' payment, at closing, of all due and payable real estate taxes, applicable recording charges, title insurance premiums, and escrow fees; (iii) GEFF obtaining title insurance insuring its ownership; and (iv) the Lease, as defined in the GEFF LOI, being executed pursuant to documentation acceptable to GEFF.

Upon closing of the sale of the Tumbleweed Realty, GEFF shall, pursuant to the conveyance documents and this Confirmation Order, obtain good title to the Tumbleweed Realty, and the Tumbleweed Realty shall be free and clear of any and all liens encumbrances and any and all

"claims" as defined in §101(5) of the Bankruptcy Code) (collectively, the "Claims"), other than as provided in the Permitted Encumbrances, as defined in the GEFF LOI.

The sale of the Tumbleweed Realty to GEFF constitutes a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and laws of all applicable jurisdictions, including, but not limited to the laws of the Commonwealth of Kentucky, the State of Ohio and the State of Indiana. The sale approved by this Confirmation Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

Notwithstanding any other provision of this Confirmation Order, including the discharge, release, and injunction provisions set forth in Sections 12, 14, 15, and 16 hereof, the mortgage liens and security interests (the "Broad Street Mortgage Liens") currently held by GEFF upon Tumbleweed's real property and improvements located at 3780 West Broad Street, Columbus, Franklin County, Ohio, as more specifically described in the attached Appendix 2 (the "Broad Street Property"), shall be retained by GEFF and shall secure all obligations owing from the Debtors to GEFF. The Broad Street Mortgage Liens are valid, enforceable, unavoidable first in priority liens and security interests that are senior and superior to all other (x) liens and security interests upon the Broad Street Property; and (y) leases relating to the Broad Street Property. The Court hereby retains jurisdiction to entertain a motion of the Debtors to effect a conveyance of the Broad Street Property to GEFF free and clear of liens, claims, and encumbrances in aid of implementing the Plan. As provided in the GEFF LOI, at such time as the Broad Street Property is conveyed to GEFF (i) free and clear of lines, claims, and encumbrances, except Permitted Encumbrances, via a Deed in Lieu; or (ii) free and clear of liens, claims, and encumbrances pursuant to an Order of this Court in aid of implementing the Plan.

19.    No Stay Affecting Conveyance of Realty; Revocation.  Pursuant to Bankruptcy Rule 6004(h), the Court hereby orders that the authorization set forth herein for the conveyance of the Tumbleweed Realty is not stayed and such sales may occur any time after the entry of this Confirmation Order.  However, if the closing of such sales does not occur prior to December 31, 2009, the Court shall grant any motion brought by GEFF to revoke this Confirmation Order.

20.    GEFF Consolidated Loan.  To evidence the Consolidated Loan, as defined in the GEFF LOI, on the Effective Date, the Debtors shall execute (i) a Consolidated Loan Agreement, (ii) a Consolidated Note; (iii) a Security Agreement; and (iv) a Mortgage which documents shall be consistent with the terms and conditions of the GEFF LOI and shall be acceptable to GEFF and the Debtors.

The Security Agreement shall grant to GEFF valid and unavoidable security interests and liens upon all of the Debtors' personal property, tangible and intangible which liens and security interests shall secure all obligations owing from the Debtors to GEFF.  The liens and security interests held by GEFF shall be valid, enforceable, unavoidable first in priority liens and security interests that are senior and superior to all other liens and security interests upon the Debtors' personal property except as to now-existing liens and security interests on personal property held by Fifth Third Bank, which liens are currently senior in priority to GEFF's existing liens and security interests, and to any first priority lien or security interest to be granted to Fifth Third in connection with the transactions described on Exhibit P-2 to the Plan.

The Mortgage shall grant GEFF a mortgage lien upon, and assign to GEFF rents and leases relating to the real property and improvements located at 2605 Data Drive, Louisville (the "Mortgage Premises"), which mortgage to secure all debts, obligations, responsibilities and

liabilities of the Debtors to GEFF. The Mortgage and assignment of leases and rents shall be subject and subordinate to the prior mortgage and assignment of leases and rents to be granted to Fifth Third Bank as described on Exhibit P-2 to the Plan and shall additionally be subject to the lien of ad valorem property taxes, governmental laws, rules and regulations, including zoning laws and any applicable binding elements, and all easements, covenants, conditions and restrictions of record.

This Confirmation Order shall be sufficient and conclusive evidence of the priority, perfection and validity of all of the liens and security interests in and upon the GEFF Collateral without the necessity of (a) filing, recording or serving any financing statements, mortgages, deeds of trust or other agreements, documents or instruments which may otherwise be required under federal or state law in any jurisdiction (collectively, the "Lien Recording Documents") provided that the GEFF may file such Lien Recording Documents or take any other action to validate or perfect the liens and security interests granted to GEFF. The Debtors are authorized and directed to execute, or cause to be executed, all such Lien Recording Documents upon GEFF's request and the filing, recording or service thereof (as the case may be) of such Lien Recording Documents shall be deemed to have been made at the time of and on the Effective Date. To the extent that any applicable non-bankruptcy law would otherwise restrict the grant, scope, enforceability, attachment or perfection of the liens and security interests authorized or created hereby, or otherwise would impose filing or registration requirements with respect thereto, such law is preempted to the maximum extent permitted by the Bankruptcy Code, applicable federal law, and the judicial power of this Court (*provided that*, if GEFF takes steps to perfect its liens and security interests under otherwise applicable state law, it does so without waiving the benefits of this provision of this Order). In the event that any Lien Recording Document which GEFF files in accordance with this

paragraph contains any limitations, defects, deficiencies or other information which might otherwise limit or adversely affect GEFF liens upon and security interests provided for in this Order, such limitations, defects, deficiencies or other information shall not impair, limit, restrict or adversely affect in any way any of GEFF's liens and security interests granted pursuant to this Order.

21.     <u>Bar Date for Final Fee Applications</u>.  Except as provided in the Plan, all final requests for payment of Claims of professionals (the "Final Fee Applications") must be filed no later than **sixty (60) days after the Effective Date**.  Objections, if any, to Final Fee Applications of such professionals must be filed and served on the Debtors and their counsel, the requesting professional, and the Office of the United States Trustee no later than twenty-one (21) days from the date on which each such Final Fee Application is served and filed.  After notice and a hearing in accordance with the procedures established by the Bankruptcy Code, Bankruptcy Rules, and prior Final Orders of the Bankruptcy Court, the allowed amounts of such Claims shall be determined by the Bankruptcy Court.

22.     <u>Deadline for Objections to Assumption of Cure Claims</u>.  Pursuant to this Confirmation Order, the deadline to object to the proposed cure amounts (the "Cure Amount") included in Exhibit P-3 to the Plan or the assumption of any contract or lease identified with Exhibit P-3 to the Plan shall be **twenty-eight (28) days after the Confirmation Date.  *Any Person that is required to and fails to properly file and serve an objection on or before this date shall be forever barred from asserting a Cure Amount against the Debtors, the Estates, or their respective property or interests in property, different from the one set forth in Exhibit P-3 to the Plan, or from objecting to the inclusion of any contract or lease included on Exhibit P-3 to the Plan.***

23. <u>Bar Date for Rejection Claims</u>. Pursuant to this Confirmation Order, the deadline to file a proof of Claim for those executory contracts and unexpired leases identified in Exhibit P-4 to the Plan shall be **twenty-eight (28) days after the Effective Date.** *Any Person that is required to and fails to properly file such a proof of Claim on or before this date shall be forever barred from asserting such Claim against the Debtors, the Estates, or their respective property or interests in such property, and such Claim shall be discharged and the Holder thereof shall be enjoined from commencing or continuing any action, employment of process or acts to collect, offset or recover such Claim.*

24. <u>Governmental Approvals Not Required</u>. With the exception of any authorizations or consents that may be required by any applicable antitrust or merger control law, rule or regulation, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements, and amendments thereto.

25. <u>Payment of Fees</u>. The Debtors shall continue to file quarterly reports with the U.S. Trustee and pay all fees due and payable under 28 U.S.C. § 1930 until the Closing of the Chapter 11 Cases.

26. <u>Retention of Jurisdiction</u>. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction as provided in the Plan over all matters arising

out of, arising in, and related to the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other items and matters, jurisdiction over those items and matters set forth in the Plan.

27. <u>Filing and Recording</u>. The Confirmation Order (a) is and shall be effective as a determination that, on the Effective Date, all Claims and Interests existing prior to such date have been released, satisfied, and terminated to the extent provided for in the Plan; and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record, or release any document or instruments. Pursuant to section 1146(a) of the Bankruptcy Code, each and every federal, state, and local governmental agency is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement, and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax, or similar tax imposed by federal, state or local law.

28. <u>Notices</u>. The Debtors shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date in accordance with Bankruptcy Rules 2002 and 3020(c). The notice described herein is adequate under the particular circumstances of these Chapter 11 Cases, and no other or further notice is necessary. Service of notice in accordance with this decretal paragraph shall constitute good and sufficient notice of, *inter alia*, the applicable bar dates for

Rejection Damages Claims, Professional Fee Claims, and Administrative Claims; no other further notice of such bar dates shall be required.

29.     <u>Confirmation Order Controlling</u>.  The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided, however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be reconciled, then, solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any such provision of the Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence unless otherwise ordered by the Bankruptcy Court.

30.     <u>Prior Orders</u>.  The Plan and Confirmation Order are consistent with, and do not affect the finality of, any prior orders of this Court entered into in the Chapter 11 Cases and such orders continue in full force and effect except to the extent that any such prior order is expressly modified in this Confirmation Order.

31.     <u>Modifications to the Plan</u>.  Subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code, the Debtors may alter, amend or modify the Plan and any exhibits to the Plan at any time before its substantial consummation; *provided, however*, that (i) the Plan as modified shall meet the requirements of sections 1122 and 1123 of the Bankruptcy Code, (ii) the Plan as modified shall comply with section 1125 of the Bankruptcy Code, (iii) circumstances warrant such modifications, and (iv) the Bankruptcy Court enters an order confirming the Plan as modified, if necessary.

32.     <u>Severability</u>.  Each term and provision of the Plan, as may have been altered or interpreted by the Bankruptcy Court in accordance with the Plan is valid and enforceable pursuant to its terms.

33.     <u>Final Order</u>.  This Confirmation Order is a **final order** and the period in which an appeal must be filed shall commence upon the entry hereof.

SO ORDERED.

Thomas H. Fulton
United States Bankruptcy Judge

Dated:  December 23, 2009

HAVE SEEN AND AGREED TO:


/s/ David M. Cantor
DAVID M. CANTOR
TYLER R. YEAGER
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
*Counsel for Tumbleweed, Inc. and Custom Food Solutions, LLC*


/s/ Brian H. Meldrum
BRIAN H. MELDRUM
STITES & HARBISON PLLC
400 W. Market Street, Suite 1800
Louisville, Kentucky 40202
Telephone: (502) 587-3400
*Counsel for Fifth Third Bank and Fifth Third Leasing Company*


/s/ Jeffrey T. Wegner
JEFFREY T. WEGNER
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, Nebrask 68102
Telephone: (402) 346-6000
         AND
CLAUDE R. BOWLES, JR.
GREENEBAUM, DOLL &
         McDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 589-4200
*Counsel for GE Franchise Finance Corp.*


/s/ David M. Neumann
DAVID M. NEUMANN
BENESCH FRIEDLANDER
         COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: (216) 363-4500
*Counsel for Stonegate Corner, LLC*

HAVE SEEN:


/s/ Charles R. Merrill
CHARLES R. MERRILL
U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. TRUSTEE
601 W. Broadway, Suite 512
Louisville, Kentucky 40202
Telephone: (502) 582-6000
*Counsel for the United States Trustee*

G:\doc\DMC\Tumbleweed\Chapter 11\Pleadings\Confirmation Order - FINAL.wpd